19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Luisa BENTON, Defendant-Appellant.
 No. 92-10496.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 MEMORANDUM**
 Maria Luisa Benton appeals from her conviction, following a jury trial, for conspiracy, possession with intent to distribute cocaine, and commission of a narcotics offense within 1,000 feet of a school, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 860(a). Benton contends that the district court erred in its jury instruction on entrapment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 "Where the defendant [herself] proposes the jury instruction [she] later challenges on appeal, we deny review under the invited error doctrine." United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993). This doctrine may not apply, however, if the law changes while the appeal is pending. United States v. Mkhsian, 5 F.3d 1306, 1310 (9th Cir.1993) (declining to apply invited error doctrine where failure retroactively to apply new rule would result in miscarriage of justice).
 Here, Benton proposed three instructions on entrapment, and the district court used one of them.[1] Ordinarily, the doctrine of invited error would bar our review. See Baldwin, 987 F.2d at 1437. Benton argues that we should grant review in order to prevent a miscarriage of justice because the law changed while this appeal was pending.
 
 
 1
 The jury returned its verdict on March 27, 1992, and Benton filed her notice of appeal on July 29, 1992. On April 6, 1992, the Supreme Court held that "it is the government's burden (once evidence of inducement is shown by the defendant) to prove that the defendant 'was predisposed to violate the law before the [g]overnment intervened.' " Mkhsian, 5 F.3d at 1311 (quoting Jacobson v. United States, 112 S.Ct. 1535, 1541 n. 2 (1992)); see also United States v. Lessard, No. 92-10156, slip op. 2017, 2021-23 (9th Cir. Feb. 28, 1994). We recently acknowledged that this holding changed the law in this circuit. Mkhsian, 5 F.3d at 1311.
 
 
 2
 Benton argues that the instruction given permitted the jury, in violation of Jacobson, to convict her even if she was not disposed to sell cocaine before government agents began intervened. This argument lacks merit; the district court instructed the jury that in order to find entrapment, they were required to find that Benton "was not ready and willing to commit the crime before government agents spoke with her." Accordingly, there was no miscarriage of justice. See Mkhsian, 5 F.3d at 1310.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court instructed the jury as follows:
 The defendant in this case, Maria Luisa Benton, is on trial for conspiracy to distribute cocaine. You have heard defendant's contention that agents of the government persuaded her to sell cocaine when she had no prior intent to do so. To consider that evidence, you need to understand a legal term called "entrapment." The defendant Benton was entrapped if three things occurred: First, the idea for committing the crime came from the government agents and not from Ms. Benton, the person accused of the crime; second, the government agents then persuaded or talked Ms. Benton into committing the crime. Simply giving Ms. Benton the opportunity to commit the crime is not the same as persuading her to commit the crime. And third, Defendant Benton was not ready and willing to commit the crime before government agents spoke with her.
 Consider all of the facts when you decide whether the defendant would have been ready and willing to commit the crime without the actions of government agents.
 On the issue of entrapment, as with other issues, the government must convince you beyond a reasonable doubt that the defendant was not entrapped by government agents.